PER CURIAM.
Appellant James Morris Land was convicted of two counts of capital sexual battery on his four-year old granddaughter. Appellant contends that the trial court erred in (1) admitting into evidence child hearsay statements, (2) allowing similar fact evidence of other crimes committed by appellant, (3) declining to declare a mistrial when there was evidence presented that violated the scope of the trial court’s order regarding similar fact evidence, and (4) not allowing appellant to use a peremptory challenge to remove a juror who had worked with a similar fact witness.
We affirm the judgment and sentence. On the first two issues, the trial court in its orders painstakingly analyzed the statutory issues and entered detailed findings. The trial court did not abuse its discretion in admitting the child hearsay statements and allowing similar fact evidence.
On the third issue, the trial court did not abuse its discretion in finding that the testimony of the similar fact witness did not rise to the level of requiring a mistrial. The trial court has broad discretion in determining whether substantial justice warrants granting a mistrial. Although the witness’s comment initially appeared to violate the pretrial order, the prosecutor through subsequent questioning had the witness clarify the comment such that it did not violate the pretrial order. A second comment made by the same witness likewise did not rise to the level of a mistrial. See Sireci v. State, 587 So.2d 450 (Fla.1991)(holding violation of a pretrial order does not guarantee a mistrial; the court must look at the record as a whole to see if prejudicial error occurred). The comment at issue was isolated, and the trial court, upon defense counsel’s request, struck the statement from the record and advised the jury to disregard it.
Appellant waived and abandoned the issue concerning the peremptory challenge. Appellant waived the issue by affirmatively stating “[n]o objection” when the trial court asked if the State had any objection to the jury panel which included the juror in question. He then abandoned the issue by failing to renew his objection regarding the peremptory strike on the juror at the time the jury was sworn. See Franqui v. State, 699 So.2d 1332, 1334 (Fla.1997)(holding that in order to preserve an objection involving the use of peremptory challenges during jury selection, the party must properly renew that objection before accepting the jury and allowing it to be sworn); cert. denied, — U.S.-, 118 S.Ct. 1337, 140 L.Ed.2d 499 (1998); cert. denied, — U.S. --, 118 S.Ct. 1582, 140 L.Ed.2d 797 (1998).
AFFIRMED.
KAHN and LAWRENCE, JJ., CONCUR.
WOLF, J. CONCURS IN RESULT ONLY.